[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Susan Martin, was married to the defendant on November 15, 1980 in Norwich, Connecticut.
Both of the parties have resided continuously in the State of Connecticut for at least one year up to the date of the filing of the complaint.
No children were born to the wife, although the plaintiff's three children from a prior marriage and the defendant's two children, also from a prior marriage, lived in the household for a considerable period of time during the marriage.
The attorneys have submitted to the Court extensive proposed "Findings of Fact." The Court is grateful for assistance of counsel in refocusing the evidence, however, it is ordinarily not the policy of this Court to set forth factual matters regarding a dissolution of marriage unless requested to do so in connection with an appeal. The Court, however, feels compelled to recite certain aspects of this case.
Both of the parties are in relatively good health and have both been gainfully employed during most of this 11-year marriage. The evidence adequately bears out that the husband was a good provider and worked long hours in the insurance field. There is also no question that most of the household duties and the disciplining of the children was done by the wife. CT Page 927
The wife attributes a number of reasons for the breakdown of the marriage. The principal cause, she claims, was her husband's involvement with another woman. She also claims that he was never at home because he worked long hours, and further, that he physically abused her.
There is certainly enough evidence in the case to indicate to the Court that there was more than just an employer-employee relationship. The Court, however, does not feel that the husband's work habits nor the allegations of physical abuse were the primary cause of the breakdown.
The defendant husband denies any involvement with another woman and claims that the major cause of the breakdown was the wife's treatment of his children.
The testimony of the husband relative to his relationship with Mrs. Chimilecki was less than candid, however. This certainly was a contributing factor to the final breakdown, as was the wife's eroding relationship with the children and Draconian household rules which she imposed.
In any event, fault is only one of the criteria which the Court must consider in its award of alimony and assignment and dissolution of property. The Court is directed by the legislature to also consider the following factors:
 ". . . the length of the marriage, . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of the parties." General Statutes Secs. 46b-81
and 46b-82.
Having carefully reviewed all of the oral evidence, stipulations, exhibits and counsel's proposed orders and proposed findings of fact, and taking under consideration all of the factors contained in Connecticut General Statutes Sections 46b-81 and 46b-82, the Court orders as follows:
(1) The marriage has broken down irretrievably, there is no prospect for reconciliation and a decree of dissolution may enter.
(2) Husband shall convey all of his right, title and interest in the marital residence to the wife. The wife shall execute and deliver to husband a mortgage deed and note in the amount of $20,000, with no interest, which shall be paid upon the happening of the first of the following events: CT Page 928
a. Sale of the property
b. Eighteen months from the date herein
 c. When the premises are no longer used by the wife as her primary residence
The wife shall be responsible for the payment of all taxes, insurance, first mortgage and maintenance.
Until the happening of the first of the events indicated above occurs, the husband shall be responsible for the maintenance of the second mortgage.
(3) The husband shall pay to the wife as periodic alimony the sum of $125 per week for a period of five (5) years which alimony shall be nonmodifiable as to term. It shall also terminate sooner in the event of the death of either party or the remarriage of the wife.
(4) All of the personal property in the marital home shall become the sole and exclusive property of the wife. All of the personal property located at Merchant's Avenue, Taftville, shall become the sole and exclusive property of the husband.
(5) The 1989 and 1990 IRS tax refunds shall be divided 65 percent to the wife and 35 percent to the husband.
(6) The husband shall transfer and assign, by way of a Qualified Domestic Relations Order, 30 percent of the present value of his pension.
(7) The husband shall transfer to the wife from his P.I.P. account, the sum of $10,000.
(8) The husband may retain the coin collection and all other property, not previously disposed, which is in his name.
(9) The wife may retain her IRA and all other property, not previously disposed, which is in her name.
(10) The husband shall pay to the wife, within sixty (60) days the sum of $2,000 as an allowance to prosecute.
(11) Her name is restored to her.
MIHALAKOS, J. CT Page 929